IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KENARD MOORE,**

    **Plaintiff,**

v.                                                  Case No. 3:12-cv-04714

**HUNTINGTON POLICE DEPARTMENT,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

    Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff has filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional right to be free of unlawful seizure was violated by his arrest and detention on a charge of being a felon in possession of a firearm in violation of West Virginia law. Plaintiff contends that the charge was eventually pursued in federal court, and he was found to be not guilty of the offense by a jury. Plaintiff seeks compensatory damages for pain and suffering and "wrongful imprisonment."[1] (ECF No. 2 at 8).

    Pursuant to 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint, noting that Plaintiff names only the Huntington Police Department as a defendant, although he alleges unconstitutional acts by unnamed

---

[1] Plaintiff remains incarcerated at the Western Regional Jail in Barboursville, West Virginia, although it is unclear if he is currently in custody for a probation violation related to the felon-in-possession charge, or for some other reason.

police officers, as well as others who presumably are not employed by the Police Department. (*Id.* at 7-8). Plaintiff does not assert that the officers acted in furtherance of any particular municipal custom or policy.

*Pro se* complaints, such as the one in this case, must be liberally construed to allow the development of potentially meritorious claims. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). "It is now established doctrine that pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice." *Id.* As currently written, Plaintiff's complaint does not state a valid cause of action because the Huntington Police Department is a division of the City of Huntington, which is a municipality. A municipality cannot be held liable under § 1983 solely because it employs a person who allegedly violated a plaintiff's constitutional rights. *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, to recover against a municipality under § 1983, the plaintiff must explicitly allege that the wrongful actions of the municipal employee were taken in furtherance of a "policy or custom" of the municipality. *Id.* In addition, the plaintiff must identify the municipal policy or custom that purportedly caused the injury. *Board of Commissioners of Bryan Cty. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). In the alternative, if Plaintiff is not claiming that the alleged wrongful actions were the result of a municipal custom or policy, but is instead asserting that the municipal employee sviolated Plaintiff's constitutional rights while acting under color of state law, Plaintiff must name the municipal employees as a defendant, rather than the municipality.

Therefore, the Court **ORDERS** Plaintiff to amend his complaint within **forty-five (45) days** of the date of this Order. If Plaintiff claims that the unnamed officers and others acted in furtherance of a custom or policy of the City of Huntington's Police Department, then Plaintiff shall name the City of Huntington as the defendant and identify the custom or policy. If Plaintiff claims that the officers/others were not acting under a municipal policy or custom, but nonetheless violated Plaintiff's constitutional rights while acting under color of state law, Plaintiff shall name the officers/others as defendants and state factually how each individual violated Plaintiff's rights. If Plaintiff claims both causes of action, then he shall name the City of Huntington and the officers/others at fault as defendants and identify the relevant municipal custom or policy.

**Plaintiff is hereby given notice that a failure to amend the complaint as instructed will result in a recommendation that the complaint be dismissed for failure to state a claim compensable at law.**

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and Plaintiff's Motion for Appointment of Counsel (ECF No. 4) shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** September 5, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge