IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KENARD MOORE,**

       **Plaintiff,**

v.                                                Case No. 3:12-cv-04714

**HUNTINGTON POLICE DEPARTMENT;
OFFICER RONNIE LUSK;
LIEUTENANT WILLIAMS; CITY OF
HUNTINGTON**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and Plaintiff's Motion for Appointment of Counsel (ECF No. 4). On October 11, 2012, the Court ordered Plaintiff to file a complete application *in forma pauperis,* because the application submitted to the Court was incomplete. Plaintiff did not comply with that order. The Court, having been advised that Plaintiff is no longer an inmate at the Western Regional Jail, again **ORDERS** Plaintiff to resubmit an Application to Proceed Without Prepayment of Fees and Cost, which is complete and current. Plaintiff is **hereby notified** that this civil action will not proceed without payment of the filing fee or an approved application.  **Plaintiff is also notified that failure to pay the fee or submit a valid application may result in a recommendation that this action be dismissed for failure to prosecute.**

In regard to Plaintiff's motion for appointment of counsel, the Court **DENIES** the motion at this time. It is well-settled that Plaintiff has no constitutional right to counsel in a § 1983 action. *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). While 28 U.S.C. § 1915(e)(1) allows the district court to appoint an attorney to represent any person unable to afford counsel, "courts should only exercise this authority in 'exceptional circumstances.'" *Malpass v. Gibson,* 685 F.Supp.2d 573, 582 (D.S.C. 2010), *citing Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing or trial in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant,* 739 F.2d at 163.

Here, Plaintiff made the request for appointment of counsel when he was an inmate. Since making the motion, Plaintiff has been released. Accordingly, he is now free to contact attorneys and attempt to obtain representation. Until Plaintiff has exhausted efforts to find counsel, appointment of counsel is unwarranted. If this action proceeds and the issue of appointed counsel is again raised, the Court will consider the need for an appointment at that time.

The Clerk is instructed to send a copy of this Order to Plaintiff at the address provided by the Jail; that being, 330 7th Street, Huntington, West Virginia 25705.

**Plaintiff is reminded of his obligation to promptly notify the Court of his current address and any change of address pursuant to Local Rule of Civil Procedure 83.5.**

ENTERED: January 25, 2013.

Cheryl A. Eifert
United States Magistrate Judge