IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KENARD MOORE,**

    **Plaintiff,**

v.                                          Case No. 3:12-cv-04714

**HUNTINGTON POLICE DEPARTMENT;
OFFICER RONNIE LUSK;
LIEUTENANT WILLIAMS; CITY OF
HUNTINGTON**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), and Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the application to proceed *in forma pauperis* be **DENIED,** the motion for the appointment of counsel be **DENIED,** and the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L.R.Civ.P. 41.1.

Plaintiff, Kenard Moore, filed the complaint herein on August 27, 2012, alleging violations of his constitutional rights related to his incarceration by the Huntington Police Department on charges of being a felon in possession of a firearm. After

1

conducting an initial review of Plaintiff's complaint, the undersigned issued an Order instructing Plaintiff to correct certain deficiencies in the pleading and providing him with forty-five days to file an amended complaint, (ECF No. 5). On September 18, 2012, Plaintiff filed an amended complaint that corrected most of the defects. On October 11, 2012, the undersigned entered an Order instructing Plaintiff to file an amended application to proceed *in forma pauperis* as he had failed to submit the second page of the application. Subsequent to the entry of this second Order, Plaintiff was released from custody. Plaintiff did not supplement his application as instructed by the Court.

On January 25, 2013, the undersigned issued a Memorandum Opinion and Order noting that Plaintiff had failed to supplement his application and had been released from custody, (ECF No. 9). The Order instructed Plaintiff to resubmit his application to proceed *in forma pauperis* in light of his changed circumstances and notified him that the failure to do so might result in a recommendation that the complaint be dismissed for failure to prosecute. Plaintiff was also reminded of his obligation to notify the Court of changes to his contact information. Plaintiff failed to respond to the Order.

Accordingly, on June 10, 2013, the undersigned issued an Order to Show Cause under L.R.Civ.P 41.1, notifying Plaintiff that a recommendation to dismiss the action would be filed in thirty days unless he could show cause for its retention on the docket, (ECF No. 6). Plaintiff was instructed to advise the Court if he wished to continue prosecution of his complaint, or to file a notice of dismissal if he did not wish to pursue the matter. Despite this second Order, Plaintiff took no action.

Under Fed.R.Civ.P 41(b), the Court may dismiss an action when a plaintiff fails to prosecute it, or fails to comply with a court order. Similarly, under L.R.Civ.P. 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

2

> the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends upon the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). Thus, notwithstanding a court's authority under the rules, when assessing whether to impose the harsh sanction of dismissal, four factors should be considered, including: 1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978).

A review of the docket indicates that Plaintiff received all of the Orders issued by the undersigned, but failed to take the steps necessary to litigate his claims. Therefore, Plaintiff is entirely responsible for the delay in prosecution. In addition, this matter has been pending on the Court's docket for over one year without any activity on the part of the Plaintiff, which demonstrates a history of proceeding in a dilatory fashion. As a general rule, a delay in prosecution results in some measure of prejudice to the defendant because witnesses can become unavailable and memories can become stale with the passage of time. Despite those realities, the extent of the prejudice here is

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

difficult to gauge given that Defendants have not been served with process and the statute of limitations on Plaintiff's claims may not have expired. Thus, the undersigned concludes that while prejudice from the delay exists, it is not overwhelming. Still, Plaintiff has made no effort to pursue his claims and shows no interest in prosecuting this civil action despite warnings that his case would be dismissed if he failed to act. For these reasons, a sanction less than dismissal would not be effective. *See Ballard,* 882 F.2d at 95-96. Bearing these factors in mind, and taking into account the importance of resolving civil rights actions on their merits, the undersigned **FINDS** that dismissal is appropriate, but is best entered without prejudice.

Thus, as stated, Plaintiff apparently received all three Orders issued by the undersigned, but failed to take the steps necessary to litigate his claims. In addition, this matter has been pending on the Court's docket for over one year without any activity by the Plaintiff. For these reasons, the undersigned **FINDS** that Plaintiff has effectively abandoned his claims and shows no interest in prosecuting this civil action. Nevertheless, given the importance of civil rights actions, Plaintiff's *pro se* status, and the possibility that the statute of limitations on Plaintiff's claims may not have expired, the undersigned finds that a dismissal of the action should be without prejudice.

Wherefore, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's application to proceed *in forma pauperis,* (ECF No. 2)*,* **DISMISS** the complaint, **without prejudice**, (ECF No. 1), and remove this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**: September 20, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge

5